precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 30.25(b).

F.K., by her next friend, C.K., and C.K., Individually, Respondent,

v.

**B.G.B., Appellant.**

ED 102069

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: November 3, 2015

Alan W. Cohen, 501 N. Taylor Avenue, St. Louis, MO 63108, Attorney for Appellant.

Greg L. Roberts, 215 Chesterfield Business Parkway, Suite A, Chesterfield, MO 63005, Attorney for Respondent.

Before Robert G. Dowd, Jr., P.J. and Mary K. Hoff and Roy L. Richter, JJ.

### ORDER

PER CURIAM.

B.G.B. appeals from the judgment entered on the petition of C.K., as next friend of F.K., determining paternity and ordering custody and support. The judgment is supported by substantial evidence and is not against the weight of the evi-

dence. No error of law appears. We affirm.

An opinion would have no precedential value nor serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).

**Ezell ROBERTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 101956

Missouri Court of Appeals,
Eastern District,
*DIVISION FOUR.*

Filed: November 3, 2015

### Discussion

In his first point, Movant asserts that the motion court erred by failing to inquire whether Movant's counsel abandoned him by filing his amended motion out of time. The State concedes this point and agrees that we should remand the case to the motion court for that inquiry.

Rule 29.15(g) governs the time limits for filing an amended post-conviction motion. It provides, in pertinent part, that where a movant appeals the judgment sought to be vacated, set aside, or corrected, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g).

"[A]n amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by post-conviction counsel "extend[s] the time limitations for filing an amended Rule 29.15 motion." *Id.* Thus, when post-conviction counsel files an untimely amended motion, "the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Id.* If the motion court finds that a movant has not been abandoned, then the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. *Id.* If the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, then the court should permit the untimely filing. *Id.*

If we determine that post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment, then we must remand the case to the motion court for such an inquiry. *Blackburn v. State*, 468 S.W.3d 910, 913, 2015 WL 5135192, at *2 (Mo.App.E.D. September 1, 2015). "It is our duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct such an inquiry into abandonment." *Id.* (quotation omitted).

The record confirms that post-conviction counsel filed the amended motion six days after it was due, but the record lacks any indication that the motion court inquired into whether counsel thereby abandoned Movant. "When the independent inquiry is required but not done, this [c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Moore*, 458 S.W.3d at 826. The result of that inquiry determines which motion (the initial motion or the amended motion) the court should adjudicate. *Id.*

Movant's first point is granted and is dispositive.

### Conclusion

The motion court's judgment is reversed, and the case remanded for the motion court to conduct an independent inquiry to determine if Movant was abandoned and for further proceedings consistent with the outcome of that inquiry.

Sherri B. Sullivan, P.J., and Kurt S. Odenwald, J., concur.

